# Exhibit "A"

STATE OF MICHIGAN

IN THE JUDICIAL CIRCUIT COURT OF INGHAM COUNTY

JEANNE MUNN

        Plaintiff,

v

WALMART, INC.

        Defendant.

_____/

CASE NO. 2021- 620 -NO

HON. JUDGE JAMES S. JAMO

Thomas M. Tupper (P42908)
Grua, Tupper & Young, PLC
Attorney for Plaintiff
2401 East Grand River Avenue
Lansing, MI 48912
(517) 487-8300; (517) 487-8306
tupper@wedolawinlansing.com

_____/

## COMPLAINT

There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in the Complaint.

NOW COMES the Plaintiff, by her attorneys, Grua, Tupper & Young, PLC, and for her Complaint states as follows:

### JURISDICTION AND VENUE

1.    Plaintiff, Jeanne Munn, is a resident of Shiawassee County, Michigan.

2.    Defendant Walmart, Inc. is a foreign corporation registered to conduct business in the State of Michigan with a registered agent as The Corporation Company, 40600 Ann Arbor Road E, Suite 201, Plymoth, MI 48170.

3.    This cause of action arose on or about April 13, 2021 in the County of Ingham and State of Michigan.

4. The amount in controversy herein exceeds $25,000.00 exclusive of interest, costs, and attorney fees.

## GENERAL ALLEGATIONS

5. On or about April 13, 2021, Plaintiff was a customer of Walmart Store #2867, 3225 Towne Centre Blvd, Lansing, MI 48912 for the purpose of purchasing a beach lounge chair as advertised by Defendant.

6. Plaintiff requested assistance from two of the Defendant's employees to locate the lounge chair, and was directed and/or led to a display of the lounge chairs at the end of an aisle, frequently referred to as an "endcap".

7. Plaintiff asked a male employee of Defendant if she could try out the beach lounge chair prior to purchasing it, by unfolding and sitting on the chair.

8. Defendant's employee specifically authorized and invited Plaintiff to try out the chair by unfolding and sitting on it.

9. When Plaintiff unfolded the chair and sat on it, the chair collapsed, throwing Plaintiff to the floor. Plaintiff attempted to catch herself to prevent falling the way to the floor, and, in the process, injured her left arm, shoulder, neck, and back.

10. When Plaintiff got up from her fall, she observed the male employee inspect the chair to determine the cause of the chair's collapse.

11. While Defendant's employee inspected the chair, a small piece of cardboard, believed to be packing material, was found wedged in the chair's joint or hinge, which prevented the hinge from locking, causing the chair to collapse.

12. The small piece of cardboard wedged in the joint or hinge was not visible to Plaintiff upon ordinary observation of the chair prior to Plaintiff's attempt to sit on the chair.

13. At all times Plaintiff exercised due care and caution, and Plaintiff was free from negligence.

14. Defendant owed a duty to Plaintiff, and, notwithstanding such duties, Defendant did violate and breach the same in the following particulars:

   a) Failing to take reasonable steps to protect its customers from injury, and to warn its customers of potential foreseeable dangers;

   b) Failing to provide notice to Plaintiff of the dangerous and hazardous condition of the chair, which Defendant either knew of, or should have known of;

   c) Failing to inspect and maintain the chair in a reasonably safe condition so as not to expose its customers, including Plaintiff, to the dangerous and hazardous condition of the chair;

   d) In failing to train its employees and instruct them regarding proper procedure for unpacking, preparing, inspecting, and maintaining lounge chairs such as the chair in issue to ensure that the chair did not have any defects or dangerous characteristics prior to placing the chair for sale in an area accessible to customers;

   e) In failing to train its employees and instruct them regarding the proper procedure to prepare, inspect, and maintain lounge chairs such as the chair in issue before utilizing such chair as a display model;

   f) In failing to train its employees and instruct them regarding the proper procedure to prepare, inspect, and maintain lounge chairs such as the chair in issue before inviting/authorizing customers to test the chair.

15. As a direct and proximate result of Defendant's negligence, Plaintiff suffered

injuries to her left arm, shoulder, neck, and back, including, but not limited to, pain, suffering, mental and emotional distress and scarring.

16. Defendant's negligence may have exacerbated a pre-existing condition from which Plaintiff suffered.

17. As a direct and proximate result of Defendant's negligence, Plaintiff has sustained damages which include, but are not limited to:

a) pain and suffering, past, present, and future;

b) mental anguish;

c) denial of social pleasures;

d) medical expenses,, including prescription medication, past, present, and future;

e) surgery and physical therapy;

f) scarring and disfigurement;

g) impairment and disability; past, present and into the future

h) such other damages as are allowable by Michigan law.

18. Defendant is liable to Plaintiff for all damages pursuant to the common law of the State of Michigan.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter Judgment in favor of Plaintiff and against Defendant, in an amount over $25,000.00 that the Court or jury deems fair and just as compensation for the injuries and damages suffered by her.

Respectfully submitted,

Date: September 22, 2021

*Thomas M. Tupper*
Thomas M. Tupper (P42908)
Attorney for Plaintiff
Grua, Tupper & Young, PLC
2401 East Grand River Avenue
Lansing, MI 48912